IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ORLANDO FILOTEO, #1107067 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-361 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Orlando Filoteo, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 56th District Court of Galveston County, Texas on June 20, 2002. Petitioner was found guilty on three counts of aggravated robbery and was sentenced to twenty-five years imprisonment in each cause. His convictions were affirmed on appeal on November 20, 2003, and his Petition for Discretionary Review ("PDR") was refused. He filed applications for habeas relief in state court, and the trial court entered written findings recommending that relief be denied. On July 15, 2005, the Court of Criminal Appeals adopted the trial court's recommendations and denied relief without a written order. Petitioner subsequently filed the instant writ in federal court. Petitioner alleges that he is entitled to habeas relief on four grounds of ineffective representation by counsel and that his sentence is illegal.

In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was

1

prejudiced by it. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). He must overcome a strong presumption that his attorney's performance was within the range of professional assistance, and every effort must be made to eliminate the distorting effect of hindsight. *Id.* To show prejudice, a prisoner must demonstrate that there is a reasonable probability that, but for the deficient representation, the outcome of the trial would have been different. *Id.* at 694.

The appellate court summarized the evidence surrounding Petitioner's conviction as follows:

> In the early morning hours of August 9, 2001, appellant and Jason Merit entered Curly's Country Club, a neighborhood bar, and robbed [three persons]. All three complainants testified at trial that appellant was armed with a large caliber firearm, resembling a shotgun, wrapped in a towel. [Two] testified that appellant carried a pistol in his pants.
>
> Appellant testified during trial and admitted to committing the robberies. However, appellant asserted that he did not carry a pistol during the robberies. Appellant also claimed that the object wrapped in the towel was not a firearm, but rather a paint-ball gun. Further, appellant claimed that the paint-ball gun was neither loaded with paint balls nor equipped with a $Co_2$ cylinder required for firing the gun.

*Fileteo v. State*, Nos. 01-02-00693, 694, and 695-CR,WL 22723480 at 1 (Tex. App. - Houston [1st Dist.] Nov. 20, 2003).

Petitioner first alleges his attorney erred when he introduced a replica of a paint-ball gun into evidence. A motion for new trial was eventually held on this issue, where Petitioner's counsel testified that the evidence was overwhelming that Petitioner had committed the robberies and that his trial strategy was to introduce the replica in order to persuade the jury that Petitioner had not used a deadly weapon. This was designed to receive a jury instruction on the lesser offense of robbery. *Id.* at 6. Although counsel was aware that such a gun could potentially be used as a deadly weapon and that it contained a warning about its use, his intention was to show that Petitioner did not so use the gun because it was not loaded and did not have a firing cartridge.

The appellate court accepted this explanation and stated:

Trial counsel's defense strategy depended on convincing the jury that the object appellant held wrapped in a towel was a disassembled paint-ball gun and not a shotgun. To do this, trial counsel determined that it was necessary to introduce a replica paint-ball gun and exhibit how it might be mistaken for a shot-gun when wrapped in a towel. Trial counsel was cognizant of the warning associated with paint-ball guns and decided to introduce the gun, despite the risk that the State would exploit the warnings. Trial counsel's decision to introduce the replica paint-ball gun is indicative of the difficult choices trial attorneys face which require them to balance potential risks and benefits.

We hold that trial counsel's decision to introduce the paint-ball gun into evidence did not render counsel's performance so deficient that he was not functioning as acceptable under the United States and Texas Constitutions. *Id*.

This Court agrees with the appellate court. Although Petitioner's counsel was aware that the State might use the warning label to show the paint-ball gun was used as a deadly weapon, he believed the evidence against Petitioner was otherwise so compelling that conviction was guaranteed. He also believed the State would have introduced the same replica had he not used it first. Although another attorney might have chosen to defend Petitioner differently, counsel's decision was a reasonable trial strategy which this Court cannot second guess after the fact.

Petitioner next alleges that his attorney failed to request a jury instruction on whether the paint-ball gun was capable of being fired. Petitioner raised this claim in his Article 11.07 writs, which were denied without written order. *Ex parte Filoteo*, Nos. 62,523-01 at 47; 62,523-02 at 44; and 62,523-03 at 45. The Court must therefore "look through" the Court of Criminal Appeal's denial to the last clear state decision, which is here the appellate court's explicit consideration of this issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The appellate court held that such a jury instruction was not available under Texas law. *Fileteo v. State*, *supra*, at 3-4. A federal court should defer to a state court's determination of its own law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th

3

Cir. 1995). Petitioner's ineffective assistance of counsel claim is therefore without merit because any such request would have been futile under Texas law.

Petitioner next complains that his counsel erred when he failed to object to the fact that the trial court proceeding was conducted with only eleven jurors. This claim was raised in his state habeas applications but was not presented on direct appeal. The trial court stated in its recommendation to the Court of Criminal Appeals that such an allegation was not available to Petitioner in a habeas writ because it should have been presented on direct appeal. *Ex parte Filoteo*, Nos. 62,523-01 at 47; 62,523-02 at 44; and 62,523-03 at 45. The Court of Criminal Appeals adopted this finding. A state court's finding of procedural default likewise bars the Court from reviewing this claim in a federal habeas proceeding. *Soria v. Johnson*, 207 F.3d 232, 249 & nn. 23, 24 (5th Cir. 2000).

Finally, Petitioner alleges his counsel failed to investigate Petitioner's physical and mental health. Evidence presented in the state habeas proceeding included a report from a neurologist stating that Petitioner had suffered a bifrontal brain contusion that could make him prone to seizures and make it more difficult to control his emotions. Petitioner's complaint that his attorney erred by not discovering this information is without merit. The trial court found as a matter of fact that counsel not only discovered this medical information, he used it as mitigating evidence at trial. *Ex parte Fileteo*, Nos. 62,523-01 at 47; 62,523-02 at 44; and 62,523-03 at 45.

Petitioner does not dispute this in his Response. Instead, he alleges for the first time that his attorney should have sought a competency hearing based on this medical information. Petitioner's federal Petition does not itself contain any allegation that his attorney erred by failing to request a competency hearing, and he did not raise this issue on direct appeal or in his state habeas proceedings. The Court does not believe such a claim can be properly construed as part of the

Petition, but insofar as it can, it is without merit. A prisoner is required to present his claims to the state's highest court before seeking federal relief. The exhaustion requirement is filled if an unexhausted claim would be procedurally barred on return to state court. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998). Petitioner could not now return to state court to present this claim without violating Texas's abuse of the writ doctrine, which the State carefully enforces. Tex. Code of Crim. Proc. Art. 11.07, Sec. 4.

The claim that Petitioner was incompetent to stand trial is utterly conclusory and unsupported by any evidence. A defendant is incompetent to stand trial in Texas only when he either: (1) does not have sufficient ability to consult with his attorney with a reasonable degree of understanding or (2) lacks a rational and factual understanding of the proceedings against him. Id. at Art. 46.01 § 1(a). Petitioner presents no evidence of the first prong, and the record shows that the second does not obtain because he testified at trial in what was clearly a rational manner. Further, the medical records presented in no way suggest that a competent trial attorney would have sought such a hearing.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 5) be **GRANTED** on all the ineffective assistance of counsel issues.

Finally, Petitioner complains that his sentence was illegal because his co-defendant received only a six-year sentence. This issue was raised in the state habeas proceedings, and the trial court found that it was not available for habeas review because Petitioner did not assert it on direct appeal. As stated above, the Court of Criminal Appeal's adoption of this finding procedurally bars this Court from considering this issue.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 5) be **GRANTED** on this point.

## Conclusion

The Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 5) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of Orlando Fileteo (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties shall have until **May 19, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____26th____ day of April, 2006.

John R. Froeschner
United States Magistrate Judge